**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LISA ROBINSON and LESTER RODGERS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| HYUNDAI OF MATTESON, LLC | ) ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, LISA ROBINSON and LESTER RODGERS, by and through their attorneys, bring this action against Defendant, HYUNDAI OF MATTESON, LLC, seeking to recover money damages for unpaid minimum under the United States Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

**PARTIES**

1. Plaintiffs Lisa Robinson and Lester Rodgers demand a jury and are residents of the State of Illinois. Plaintiffs are covered employees under the FLSA.

2. Plaintiffs bring this case as an opt-out collective action under the FLSA on behalf of themselves and the Class, and in compliance with Section 16(b) of the FLSA, Plaintiffs have given written consent to bring this action (attached as Exhibit A and Exhibit B incorporated herein).

3. Defendant Hyundai of Matteson LLC is an Illinois LLC that has a principal place of business in Matteson, Illinois and at all times material hereto was and is engaged in interstate commerce. Defendant is covered under the FLSA. Upon information and belief, the annual gross revenue of the Defendant was

at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. 1331 pursuant to the FLSA 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement).

5. Personal jurisdiction and venue are proper in this District because the facts that gave rise to Plaintiffs' claims occurred in this District and Defendant resides in this district.

6. Plaintiffs bring a supplemental claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. Supplemental jurisdiction over the IMWL claim is pursuant to 28 U.S.C. § 1367(a).

## COUNT I – FLSA CLAIM

7. This action is brought by Plaintiffs and those similarly situated to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees.

8. Under the provisions of 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

10. In Illinois, the minimum wage is $8.25.

11. While employed by the Defendant, Plaintiff Lisa Robinson worked approximately an average of 51.5 hours per week without being compensated minimum wage during many pay periods. Plaintiff Lisa Robinson is employed as a Sale Representatives performing the same or similar duties as that of those other similarly situated Sale Representatives whom Plaintiff works that also do not receive minimum wage compensation.

12. If Plaintiff Lisa Robinson worked 51.5 hours then she would be entitled to $424.87 in gross pay per week.

13. Defendant had a weekly pay period.

14. Defendant paid Plaintiffs and other similarly situated employees less than $424.87 when working 51.5 hours on a routine basis.

15. Defendant paid Plaintiff Lester Rodgers less than minimum wage during numerous pay periods during the last three years.

16. Plaintiff seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint individually and on behalf of similarly situated employees.

17. Defendant did not properly compensate Plaintiff for hours at the correct

minimum wage.

18. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 in that Plaintiffs were not properly paid all their minimum wages.

19. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remain owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

20. Defendant also violated the FLSA by failing to provide Plaintiff with pay stubs that accurately listed her hourly rates of pay and hourly rates of pay.

21. Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

### COUNT II – IMWL CLAIM

22. The plaintiffs re-allege the foregoing paragraphs.

23. Defendant violated the IMWL by:

    - failing to pay Plaintiff at rate not less than the applicable, Illinois minimum wage rate in certain weeks;

    - failing to provide Plaintiff with pay stubs that accurately listed their hourly rates of pay and hourly rates of pay.

24. Defendant was aware or should have been aware of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

25. Defendant failed to take affirmative steps to ascertain its obligations under the IMWL.

26. Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

## PRAYER FOR RELIEF

A. Enter judgment for Plaintiffs and others similarly situated and against Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award statutory penalties as allowed by the IMWL;

E. Award interest on all amounts awarded;

F. Award Plaintiff reasonable attorneys' fees and costs of suit; and

G. Any other relief the Court deems just.

RESPECTFULLY SUBMITTED,

__/s/_Christopher V. Langone_____
One of Plaintiff's Attorneys

Christopher V. Langone
332 S. Michigan, 9th Floor
Chicago, IL 60604
(607) 592-2661
langonelaw@gmail.com