IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ROBINSON and LESTER RODGERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16 C 5821 |
| ) | |
| HYUNDAI OF MATTESON, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

This action, brought last week by Lisa Robinson ("Robinson") and Lester Rodgers ("Rodgers") against their employer Hyundai of Matteson, LLC, charges it with violations of the Fair Labor Standards Act (the "Federal Act") and the Illinois Minimum Wage Law (the "Illinois Law"). That Illinois Law claim is advanced under the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). Although no view is expressed here as to the substantive merits of plaintiffs' contentions, this memorandum order is issued sua sponte because of one obvious (and significant) error in the Complaint.

Complaint ¶ 2 begins with this allegation:

> Plaintiffs bring this case as an opt-out collective action under the FLSA on behalf of themselves and the Class, . . . .

But that is dead wrong, because the Federal Act is expressly framed in potential opt-in rather than opt-out terms. Federal Act § 16(b) (29 U.S.C. § 216(b)) is unambiguous on that score, providing that persons may join as plaintiffs only by filing specific consents to do so.

Indeed, it is particularly difficult to understand counsel's error in that respect, because Complaint Exs. A and B are copies of such consents by Robinson and Rodgers -- indeed,

Complaint ¶ 2 refers specifically to those consents and asserts correctly that they are "in compliance with Section 16(b) of the FLSA." Accordingly the word "opt-out" in Complaint ¶ 2 is stricken and is replaced by "proposed opt-in." Finally, this Court is contemporaneously issuing its customary initial scheduling order.

                                                                   Milton I. Shadur
                                                                   Senior United States District Judge

Date: June 7, 2016