IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA ROBINSON and LESTER RODGERS,  )
                                    )
                    Plaintiffs,     )
                                    )
        v.                          )      Case No. 16 C 5821
                                    )
HYUNDAI OF MATTESON, LLC,           )
                                    )
                    Defendant.      )

### MEMORANDUM OPINION AND ORDER

Hyundai of Matteson, LLC ("Hyundai") has filed its Answer and Affirmative Defenses ("ADs") to the Fair Labor Standards Act ("Federal Act") Complaint in this case, which also advances a claim under the Illinois Minimum Wage Law ("Illinois Law") pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). Both claims have been brought against Hyundai by its employees Lisa Robinson ("Robinson") and Lester Rodgers ("Rodgers"), who assert their right to act as the named plaintiffs in an opt-in collective action. This memorandum opinion and order is issued sua sponte because of the distressingly obstructionist stance taken in Hyundai's responsive pleading.

At the very outset, Answer ¶ 1 commits a pleading error that is unfortunately found with some frequency among defense counsel who are careless in their misuse of the disclaimer mode available by Fed. R. Civ. P. ("Rule") 8(b)(5) for situations in which a defendant cannot respond to a plaintiff's allegations with the admission or denial called for by Rule 8(b)(1)(B). Although Answer ¶ 1 adheres faithfully to the roadmap set out in Rule 8(b)(5), it then inexplicably adds the phrase "and therefore deny the same." It is of course oxymoronic for a party to assert

(presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language must be stricken from that paragraph of the Answer.

That error, made by a surprising number of defense counsel who fail to read (or fail to understand) the interaction between the subparts of Rule 8(b), is easy to cure: This Court can simply (and regularly does) strike the offending phrase. But the same cannot be said of too much of what follows in Hyundai's responsive pleading, in which its counsel frequently violates the concept of notice pleading that underlies sound federal practice.[1] What follows may not be exhaustive, but it is emblematic of what Hyundai's counsel must do in rewriting the present unsatisfactory response, as is ordered here.

To begin with, Hyundai's counsel consistently fails to respond to a number of the Complaint's allegations through what must be labeled as a refusal to understand words with a commonly recognized meaning in the English language: "many" (Answer ¶ 11), "routine" (Answer ¶ 14), "numerous" (Answer ¶ 15) and "certain" (Answer ¶ 23). That attempted word play is really disingenuous, for no reason appears to justify the failure of Hyundai's counsel to treat those terms in their common everyday sense and therefore to respond to the allegations in the corresponding paragraphs of the Complaint in a forthright manner.

---

[1] This Court of course recognizes that the sea change created by what it regularly terms the "<u>Twombly</u>-<u>Iqbal</u> canon" was specifically directed by the Supreme Court to lawyers for federal plaintiffs, but the same principle just as fairly applies to defense counsel so that both sides' lawyers serve the basic function of identifying just what is and what is not at issue between the litigation adversaries.

Next, in several places Hyundai's counsel seizes on the careless way in which plaintiffs' counsel, having identified two name plaintiffs, sometimes uses "Plaintiff" in its singular form even though the obvious meaning of the Complaint's allegation would call for the plural form "Plaintiffs."[2] In fact Hyundai's counsel had no difficulty in ignoring that obvious glitch when he chose to, for Answer ¶ 16 responded with an admission in terms of "Plaintiff(s)" even though the Complaint had employed the singular word "Plaintiff" -- yet in the very next paragraph (Answer ¶ 17), as well as later in Answer ¶ 23, Hyundai's counsel professed confusion on that score. Those quibbles do nothing constructive toward moving this lawsuit forward, and counsel must be more forthright next time around (though he is perfectly free to advert in Hyundai's Amended Answer to the obvious mistake by plaintiffs' counsel).

Next to be noted are the several challenges by Hyundai's counsel to plaintiffs' ability to proceed as a collective action (Answer ¶¶ 2 and 26 as well as ADs 4 and 6). But if counsel believes that such is the case, that issue (in addition to issues raised by a number of the purported ADs that could be fatal to part or all of this lawsuit) must be raised up front by a properly supported motion, rather than being left for some future date like ticking time bombs -- and for that reason, a failure to raise those issues expeditiously will be treated as a forfeiture of the claimed defects.

To turn to those purported ADs (18 in number!), both their nature and their number call to mind the admonition in Matthew 7:3:

---

[2] It should be made clear that this Court holds no brief for such carelessness -- indeed, within a week after suit was filed this Court issued a June 7 memorandum order ("Order") sua sponte to correct the error made by plaintiffs' counsel in Complaint ¶ 2 in referring to this lawsuit as "an opt-out collective action" when, as that Order read, "the Federal Act is expressly framed in potential opt-in rather than opt-out terms."

> And why beholdest thou the mote that is in thy brother's eye, but considerest not the beam that is in thine own eye?

Here are some of the ADs' most obviously problematic aspects, though the ADs are stricken in their entirety so that Hyundai's counsel can devote his thoughtful attention to reasserting only those that pass muster under Rule 8(c) and the caselaw applying it (and counsel would do well to read App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)):

1. AD 1 begins with the telltale opening "To the extent that discovery reveals . . .," a sure tipoff to the fact that no AD of the nature referred to there is <u>now</u> known to defense counsel. Not only is such hypothetical pleading impermissible in that context, but the laundry list of possible defects with which AD 1 ends is totally improper because it is entirely uninformative.

2. ADs 2, 3 and 13 are not only uninformative in their present generalized form but are also of a nature that they may and should be raised at an appropriate future date if, as and when those generalized assertions may prove to be supportable in fact.

3. ADs 4 and 6 are flawed in the manner described earlier in this opinion.

4. ADs 5, 9 and 12 violate the fundamental principle that an AD must take the allegations of the complaint being responded to as given, while explaining why a defendant is nonetheless free of liability or is liable for less than a plaintiff claims.

5. ADs 6, 10, 11 and 15 through 17 must, like other potential claims referred to earlier, be raised up front by properly supported motion or stand the risk of forfeiture.

6. By its very nature AD 14 cannot be known now by Hyundai, though future discovery may of course change that.

7. AD 18's "reserved" right is both meaningless and unnecessary.

In sum, the Answer and ADs are stricken in their entirety, with leave granted to file a more appropriate responsive pleading on or before August 30, 2016. Because the multitudinous errors described here represent deficiencies on the part of Hyundai's counsel, it would not be fair to burden the client with the cost of correction. Hence no charge may be made to Hyundai by its counsel for the added work and expense incurred in correcting counsel's errors. Hyundai's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this opinion, with a copy of the forwarding letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 16, 2016