# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| LISA ROBINSON and LESTER RODGERS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HYUNDAI OF MATTESON, LLC,<br><br>　　　　Defendant. | Case No. 16-cv-05821<br><br>Honorable Milton I. Shadur |

## NOTICE

To:  All commissioned sales persons employed by Hyundai of Matteson, LLC d/b/a World Hyundai ("World Hyundai") within the period three years prior to June 2, 2016.

A lawsuit is pending in the United States District Court for the Northern District of Illinois, against World Hyundai. Without addressing the merits of the case or deciding whether the case may ultimately proceed on a collective or class basis, the Court has allowed this notice so that you may consider whether you want to become a Plaintiff. This is not a solicitation from a lawyer.

**YOUR LEGAL RIGHTS AND OPTIONS:**

| | |
|---|---|
| **Become a Plaintiff** | If you choose to become a plaintiff in this lawsuit, you may be required to provide information, have your deposition taken, and testify in court. If you prevail in the lawsuit, you have the possibility of getting money or benefits from any recovery. If you do not prevail or if the Court finds that this matter cannot proceed as a collective action, you will receive nothing. In addition, by joining this lawsuit, you will forfeit any right to control the litigation or to sue World Hyundai separately about the same legal claims. **If you want to become a plaintiff, you must take further action at this time.** If you complete and send the enclosed Consent form, you will be designating the Named Plaintiffs and Langone, Batson & Lavery LLC to act on your behalf and to represent your interests. |
| **Do Nothing and Avoid the Lawsuit** | If you do nothing, you will not be affected in any way by this lawsuit. Any judgment, whether favorable or unfavorable, will have no impact on you or your rights. **If you do not want to become a plaintiff, you do not need to do anything.** |

These rights and options, and the deadlines to exercise them, are further explained in this Notice.

### INTRODUCTION

This Notice is to inform you about (1) a collective action lawsuit against World Hyundai alleging violations of the Fair Labor Standards Act and Illinois Minimum Wage Law; (2) how you can join this lawsuit as a Plaintiff; and (3) how your potential rights may be affected by this lawsuit.

### WHAT IS THIS LAWSUIT ABOUT?

Two employees of World Hyundai (the "Named Plaintiffs") filed a lawsuit in Chicago, Illinois against World Hyundai on behalf of themselves and all other current and former commissioned sales persons of World Hyundai employed in the last three years, *Robinson, et al. v. Hyundai of Matteson*, Case No. 16-cv-05821 (N.D. Ill.)

The Named Plaintiffs allege that World Hyundai violated the law by failing to pay sales persons an amount equivalent to the Illinois minimum wage for every weekly pay period. The Named Plaintiffs are asking the court to award them all allegedly unpaid wages, liquidated damages in amount equal to the amount of allegedly unpaid wages, and their reasonable attorneys' fees and costs.

World Hyundai denies the Named Plaintiffs' allegations and denies that the Named Plaintiffs are entitled to the relief they are requesting.

### DID THE COURT DECIDE THAT WORLD HYUNDAI VIOLATED THE LAW?

No. The Parties (Named Plaintiffs and World Hyundai) have agreed to distribute this notice for purposes of a settlement conference scheduled for February 13, 2016. The Court has not taken a position on whether Plaintiffs or World Hyundai are correct. There has not been a final certification of this case as a collective action and Plaintiffs may or may not meet their burden to show that this case should proceed as a collective action.

### WHO CAN JOIN THIS LAWSUIT AND BE A PLAINTIFF?

The Named Plaintiffs have filed this lawsuit on behalf of themselves and all sales persons paid on a commission basis at any time between June 3, 2013 and June 2, 2016. If you become a Plaintiff in this lawsuit, your continued participation in this lawsuit depends upon a later decision by the Court that the Named Plaintiffs are similarly situated to you. If it is determined that they are not similarly situated, your claim may be dismissed without ever addressing its merits.

### WHY DID I RECEIVE THIS NOTICE?

World Hyundai's records indicate that you worked as a commissioned sales person during the relevant time period, *i.e.* the group of people to whom Named Plaintiffs would like to provide this Notice and represent. Your receipt of this Notice does not mean that you were not properly paid minimum wage or that you have any claim whatsoever.

**WHO WILL REPRESENT ME IF I JOIN?**

If you choose to join this case by filing a Consent Form, you will be (1) designating the Named Plaintiffs as your agents to make all decisions on your behalf, including binding decisions on the manner and method of conducting the case; and (2) agreeing to representation by the following Plaintiffs' Counsel:

Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
(312) 344-1945
clangone@langonebatson.com

If you wish to discuss this matter or have any questions, you may contact Plaintiffs' Counsel.

You may also hire your own attorney.

**HOW DO I JOIN THE LAWSUIT AND BECOME A PLAINTIFF?**

If you worked for World Hyundai as a commissioned sales person between June 3, 2013 and June 2, 2016 and you want to become a plaintiff seeking to recover allegedly unpaid minimum wage pay owed to you in this lawsuit, you must sign and return the enclosed "Consent to Join Action" form ("Consent Form"), a copy of which is attached as Exhibit A.

If you choose to become a Plaintiff in this lawsuit, it is extremely important that you read, sign, and return the Consent Form as soon as possible since the passage of time may affect your rights.

The Consent Form should be mailed to:

Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602

**WHAT IS THE DEADLINE TO BECOME A PLAINTIFF?**

The signed Consent Form must be returned to Plaintiffs' counsel by **January 20, 2017.** If your signed Consent Form is not returned to Plaintiffs' counsel by January 20, 2017, you will lose the right to participate in any potential recovery obtained against World Hyundai in this lawsuit.

**I AM A CURRENT WORLD HYUNDAI EMPLOYEE. CAN I STILL BECOME A PLAINTIFF?**

Yes. Federal law prohibits World Hyundai from terminating your employment, demoting you, or in any other manner discriminating against you because you choose to participate in this action.

### I DON'T WANT TO BECOME A PLAINTIFF. HOW DOES THAT AFFECT MY RIGHTS?

If you do not wish to become a plaintiff, you do not have to do anything. By doing nothing, you keep any rights you have to sue World Hyundai apart from this lawsuit and you will not be bound by any judgment in this lawsuit, whether favorable or adverse. But the applicable statutes of limitations continue to run on any claim you may have.

### I STILL HAVE QUESTIONS.

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' counsel at the email address or telephone number listed below:

Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
(312) 344-1945
clangone@langonebatson.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

| | |
|---|---|
| LISA ROBINSON and LESTER RODGERS, | ) ) ) |
| Plaintiffs, | ) ) Case No. 16-cv-05821 |
| v. | ) ) Honorable Milton I. Shadur |
| HYUNDAI OF MATTESON, LLC, | ) ) ) |
| Defendant. | ) |

## CONSENT TO JOIN ACTION FORM

I have read and understand the foregoing "Notice." I understand that this lawsuit seeks unpaid wages that may be owed to me, and that by joining the lawsuit I will become a party-plaintiff.

I designate the plaintiffs named in the complaint as my representatives to make decisions on my behalf concerning the litigation, the method and manner of conducting and resolving the litigation, and all other matters pertaining to this suit to the fullest extent possible under applicable laws. I choose to be represented in this matter by Langone, Batson & Lavery LLC.

_____
Name

_____
Address

_____
City State Zip

_____
Signature

_____
Date Signed

RETURN THIS FORM BY MAIL TO LANGONE, BATSON & LAVERY, 17 N. WABASH, SUITE 500, CHICAGO, IL 60602 OR FAX TO 607-697-0465 OR SCAN AND EMAIL TO clangone@langonebatson.com.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| LISA ROBINSON and LESTER RODGERS, | ) ) ) |
| Plaintiffs, | ) ) Case No. 16-cv-05821 |
| v. | ) ) Honorable Milton I. Shadur ) Honorable Young B. Kim |
| HYUNDAI OF MATTESON, LLC, | ) ) |
| Defendant. | ) |

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR COURT APPROVAL
OF SETTLEMENT AGREEMENTS, CONDITIONAL CERTIFICATION OF
COLLECTIVE ACTION FOR SETTLEMENT PURPOSES ONLY,
APPROVAL OF ATTORNEYS' FEES, AND TO MAINTAIN
CONFIDENTIALITY OF SETTLEMENT AGREEMENTS**

This matter comes before the Court on the joint motion of Plaintiffs Lisa Robinson and Lester Rodgers (collectively "the Named Plaintiffs") and Defendant Hyundai of Matteson, LLC ("Defendant") For Approval of Settlement Agreements, Conditional Certification of Collective Action For Settlement Purposes Only, Approval of Attorneys' Fees, and To Maintain Confidentiality of Settlement Agreements (the "Motion"). For the reasons discussed below, the Court grants the Parties' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 2, 2016, the Named Plaintiffs filed their Complaint against Defendant, alleging a collective action asserting that Defendant violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Act ("IMWL") by failing to pay minimum wage to all commissioned sales employees in all work weeks for the three years prior to the filing of the Complaint. (*See generally* Compl. (Dkt. No. 1).) On September 22, 2016, this case was referred to the undersigned for purposes of facilitating a settlement between the Parties. (Dkt. No. 24.) On

April 4, 2017, this case was reassigned to the undersigned pursuant to Local Rule 73.1. (Dkt. No. 41.)

Pursuant to the Court's order of November 10, 2016 (Dkt. No. 30), counsel for the Parties conferred and agreed upon a notice to be distributed to all commissioned sales persons who were employed by Defendant between June 3, 2013 and June 2, 2016 for purposes of a settlement conference scheduled for February 13, 2017. Counsel for Named Plaintiffs mailed the agreed-upon notice to the eighty (80) current and former commissioned sales persons at their last known addresses on December 16, 2016. Twenty individuals (hereafter, the "Class Members") returned consent forms to counsel for Named Plaintiffs, indicating their desire to join the Lawsuit, designate the Named Plaintiffs to serve as their representatives in the Lawsuit, and designate counsel for Named Plaintiffs to represent them in the Lawsuit.

The Parties participated in a settlement conference before the undersigned Magistrate on February 13, 2017. (Dkt. No. 35.) An agreement was reached at the settlement conference with respect to the claims of the Named Plaintiffs and the Class Members. (*Id.*) The Parties have drafted and executed a confidential settlement agreement and general release with the Named Plaintiffs and with each of the individual Class Members. Collectively, the Named Plaintiffs' settlement agreement and Class Members' settlement agreements shall be referred to as the "Settlement Agreements."

Under the terms of the Settlement Agreements, the Named Plaintiffs and Class Members will each receive a payment of 1.25 times the agreed-upon amount of back wages for each Named Plaintiff or Class Member, and counsel for the Named Plaintiffs and Class Members will receive a payment agreed upon by the Parties for their attorneys' fees and costs. In exchange for

2

the settlement payments, the Named Plaintiffs and Class Members are only releasing claims against Defendant under the FLSA and IMWL (the "Released Claims").

On June 20, 2017, the Parties jointly submitted the Motion. Copies of the Settlement Agreements were provided to the Court for *in camera* inspection.

## CERTIFICATION OF THE PROPOSED FLSA COLLECTIVE CLASS FOR SETTLEMENT PURPOSES

For settlement purposes only, the Court certifies the following collective class under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b): all commissioned sales persons who were employed by Defendant between June 3, 2013 and June 2, 2016 and who opted in to the settlement in this action.

The Court finds that the Named Plaintiffs and the Class Members are similarly situated because both of the Named Plaintiffs and all of the Class Members: (1) are commissioned sales persons who were employed by Defendant between June 3, 2013 and June 2, 2016; (2) were commissioned sales employees to whom Defendant allegedly failed to pay minimum wage in all work weeks; and (3) agreed in writing to participate in the settlement in this action, either by virtue of being a Named Plaintiff or by signing the written opt-in consent form. Therefore, certification of a collective action for settlement purposes only is warranted. *Oropeza v. AppleIllinois, LLC*, No. 06 C 7097, 2010 WL 3034247, at *4 (N.D. Ill. Aug. 3, 2010) (when analyzing whether to certify an FLSA collective action, a court analyzes "whether the representative plaintiff and the putative claimants are in fact similarly situated to warrant the collective action procedure, and determines whether and in what form a FLSA collective action should proceed to judgment.") (internal quotations omitted).

3

## APPROVAL OF FEES AND COSTS

The Court grants the Motion to the extent it seeks approval of the Named Plaintiffs and Class Members counsel's attorneys' fees and costs. This amount agreed upon by the Parties is reasonable because counsel: (1) investigated the Named Plaintiffs' and Class Members' claims; (2) expended time preparing the Complaint; and (3) negotiated the Settlement Agreements on behalf of the Named Plaintiffs and Class Members, ultimately resulting in a recovery for the Named Plaintiffs and Class Members that was more than the amount of back wages to which the Named Plaintiffs and Class Members would have otherwise been paid. Therefore, the attorneys' fees and costs sought by counsel are justified. *See, e.g., McCue v. MB Fin., Inc.*, No. 15 CV 988, 2015 WL 4522564, at *3 (N.D. Ill. July 23, 2015) (discussing factors to consider when analyzing award of attorneys' fees and costs in FLSA collective action settlement); *Zolkos v. Scriptfleet, Inc.*, No. 12 CV 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (same).

## JUDGMENT AND FINAL APPROVAL

Based upon the Court's review of the Motion and all of the papers submitted in connection with the Motion, the Court grants approval of the Settlement Agreements.

The Settlement Agreements are the products of contested litigation to resolve a bona fide dispute between the Parties as to whether the Named Plaintiffs and Class Members are owed any compensation under the FLSA or Illinois state law as a result of Defendant's alleged failure to pay minimum wage to all commissioned sales employees in all work weeks. *See, e.g., McCue*, 2015 WL 4522564, at *3; *Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011) ("[T]he Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); *O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1050-52 (N.D. Ill. 2002) (holding that a

release of IMWL claims, like claims under the FLSA, must be supervised by a Court or the U.S. Department of Labor).

In analyzing whether to approve a collective action settlement, courts often consider the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Butler*, 2011 WL 4729789, at *9 n.9. "Courts also encourage parties to settle class actions early, without expending unnecessary resources." *McCue*, 2015 WL 4522564, at *4 (citing *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere")).

The Court finds that the Settlement Agreements are the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour collective actions, and the undersigned Magistrate Judge, during the course of the settlement conference, assisted the Parties with the settlement negotiations. This reinforces the non-collusive nature of the settlement. *See McCue*, 2015 WL 4522564, at *4 (citing *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 812 (E.D. Wis. 2009)).

The Court further finds that the factors identified above favor approval of the Settlement Agreements because: (1) as a collective action, it is more complex than a typical individual action, as it involves dozens more employees and individual inquiries into each employee's records and wages; (2) the Parties have settled this matter early (without having to expend

5

significant resources), and without settlement, this case is likely to last significantly longer than the approximately twelve months it has lasted, costing the parties significant expense; (3) the Class Members reacted positively to the prospect of a settlement, as 25% of the potential Class Members opted into this action; (4) the Parties have engaged in informal discovery to determine the potential Class Members and amounts potentially owed to them under the FLSA and IMWL; (5) Defendant has not admitted liability, but soon after its motion to dismiss was denied, Defendant was willing to negotiate a settlement in good faith and provide the Named Plaintiffs and Class Members with a settlement payment equal to or better than the amount of damages they might be able to obtain if the case did not settle; (6) the risk of maintaining this as a collective action through the trial is that liability is not established with respect to the Named Plaintiffs, barring recovery for them and the Class Members; and (7) while Defendant may be able to withstand a larger judgment, Defendant has agreed to provide the Named Plaintiffs and Class Members with a settlement payment equal to or better than the amount of damages they might be able to obtain if the case did not settle, making the settlement reasonable in terms of both the best possible recovery and in light of the risks of litigation.

    The Settlement Agreements are a final, fair, reasonable, adequate and binding release of all Released Claims by the Named Plaintiffs and the Class Members, all of whom have timely opted into this collective action. The Released Claims include only wage and hour claims under the FLSA and IMWL. The Named Plaintiffs and Class Members release of their Released Claims is effective upon the "Effective Date" of the Settlement Agreements. The "Effective Date" of the settlement will be five business days after the Court enters this Order finally approving the settlement of the Lawsuit, approving the Settlement Agreements, and dismissing this lawsuit with prejudice.

## **THE SETTLEMENT AGREEMENTS SHALL REMAIN CONFIDENTIAL**

In connection with the Motion, the Parties jointly requested that the Court review the Settlement Agreements *in camera*, and that the Settlement Agreements remain confidential. In addition to the fact that the Settlement Agreements contain a confidentiality provision binding both sides to keep the substance of the Settlement Agreements confidential, the Named Plaintiffs and Class Members are current and former employees of Defendant whose hourly wages varied, depending on personal employment performance. As a result, if the Settlement Agreements were to be made public, they could affect the ability of the Named Plaintiffs or Class Members to gain employment with other employers, or they could negatively affect the salary of the Named Plaintiffs and Class Members.

Moreover, maintaining the Settlements Agreement as confidential will effectuate a speedy and efficient resolution of this matter. *See* Fed. R. Civ. P. 1 (Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Therefore, the Court grants the Parties' request, and the Court shall maintain the confidentiality of the Settlement Agreements.

Based on the foregoing analysis, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court certifies the following collective class under 29 U.S.C. § 216(b) for settlement purposes only: all commissioned sales persons who were employed by Defendant between June 3, 2013 and June 2, 2016 and who opted in to the settlement in this action.

2. The Court approves the Settlement Agreements entered into between the Parties.

3. The Court approves the attorneys' fees and costs requested by counsel for the Named Plaintiffs and Class Members.

4. The Court hereby dismisses this lawsuit with prejudice on the merits and without costs (except as otherwise provided in the Settlement Agreements or this Order).

5. Pursuant to the Settlement Agreements, the Named Plaintiffs and Class Members release the Released Claims and fully, finally and forever release and discharge Defendant and all of Defendant's current and former officers, directors, shareholders, employees, agents, attorneys, insurers, successors in interest and assigns and all other persons and entities with whom any of the foregoing have been, or are now affiliated, from all causes of action, claims, damages, or liabilities related to a claim for unpaid wages pursuant to the FLSA and/or the IMWL, including any action or claim for attorneys' fees and costs.

6. The Court shall maintain the confidentiality of the Settlement Agreements.

7. The Parties shall abide by all terms of the Settlement Agreements and this Order.

It is so ORDERED

Date: _____, 2017

_____
Honorable Young B. Kim
United States Magistrate Judge

8